CONCURSO DE ACREEDORES DE AVALO SÁNCHEZ *v.* SUCESIÓN DÍAZ.

SOLICITUD para que se expida un mandamiento de *certiorari.*

No. 17.—Resuelto en febrero 21, 1907.

CERTIORARI—SU PROCEDENCIA.—La expedición de un mandamiento de *certiorari* es procedente, no solo en los casos en que la causa ó autos del pleito estén terminados, sino aún encontrándose pendientes, siempre que los procedimientos seguidos por la corte inferior sean contrarios á la ley.

CONCURSO DE ACREEDORES—TÉRMINO DEL PROCEDIMIENTO.—Un auto de la corte inferior teniendo por desistido de la prosecución de un juicio de concurso de acreedores, al acreedor promovente del mismo, á su perjuicio y con las costas, no es suficiente para estimar terminado el procedimiento, si el juez no lo ha declarado así expresamente, y ordenado que cesara la intervención judicial y se alzara la ocupación y depósito de los bienes del concursado, que son pronunciamientos consiguientes á la revocación del auto de declaración de concurso, y que deben acordarse tan pronto como el acreedor ó acreedores promoventes del juicio de concurso desistan de la prosecución del mismo y pidan se les tenga por desistido.

ID.—DESISTIMIENTO DEL ACREEDOR PROMOVENTE — RATIFICACIÓN DEL CONCURSADO.—La ratificación ordenada por la corte inferior en relación con un escrito de desistimiento, presentado en el caso de autos, por el acreedor promovente del juicio de concurso, y firmado, además, en prueba de conformidad, por el concursado, tiene referencia exclusivamente al acreedor promovente, pues aparte de que el concursado, no sólo no se opuso á la terminación del concurso, sino que mostró su conformidad y solicitó la cancelación del asiento tomado en los libros del registro de la porpiedad sobre su incapacidad para administrar sus bienes por razón del concurso, lo que hace innecesario la ratificación del concursado en el escrito de desistimiento presentado por el acreedor.

ID.—CERTIORARI—PERSONALIDAD DEL PROMOVENTE.—Decretada en un juicio de concurso de acreedores, la ocupación y depósito de determinados bienes, y el nombramiento de un depositario administrador que se haga cargo de los

mismos, el dueño de dichos bienes tiene personalidad para establecer un procedimiento de *certiorari* y obtener por virtud del mismo la revisión de los procedimientos seguidos en el juicio de concurso.

Id.—Recurso Ordinario, Adecuado, Rápido y Eficaz.—Aunque el auto de *certiorari* no procede en los casos en que haya un recurso ordinario, éste debe ser claro, rápido y adecuado para corregir los errores de procedimiento y reparar los perjuicios sufridos por el peticionario.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. José de Guzmán Benítez.*

Abogado de la parte opositora: *Sr. Hord.*

El Juez Presidente Sr. Quiñones emitió la opinión del tribunal.

El abogado Don José de Guzmán Benítez, á nombre de la sucesión de Doña María Díaz, viuda de Veve, ha solicitado de esta Corte Suprema la expedición de un auto de *certiorari* contra la Corte de Distrito del Distrito Judicial de San Juan, para que remita á este Tribunal Supremo los autos del concurso necesario de acreedores de Don José Avalo Sánchez que dice estar ya terminados, á fin de que esta corte los revise y en su caso revoque y anule los procedimientos contrarios á las prescripciones de la ley que dicha corte de distrito está poniendo en práctica en el referido concurso, en el que, también procede con extralimitación de su jurisdicción, todo con grave daño y perjuicio de los derechos de los peticionarios.

Los hechos en que fundan éstos su solicitud son los siguientes:

Que por auto de 22 de agosto de 1891, dictado por el extinguido Juzgado de Primera Instancia del Distrito de San Francisco de esta capital, á solicitud de Don Vicente Balbás y Capó en su carácter de acreedor de Don José Avalo Sánchez, fué declarado éste en concurso necesario de acreedores, librándose exhorto al Juez de Primera Instancia del Distrito de Humacao, á solicitud del mismo Sr. Balbás para que remitiese al juzgado exhortante, á fin de acumularlos al concurso los autos de un juicio ejecutivo que desde el año de 1889 venía siguiendo en aquel juzgado la Sra. Doña María Díaz, viuda de Veve contra el mismo Avalo Sánchez, en cobro de un cré-

dito hipotecario que había reconocido en favor de dicha señora sobre una hacienda de su propiedad, titulada "Bello Sitio", radicada en el término municipal de Fajardo, y á cuya acumulación se negó el Juez de Humacao, por el fundamento de no ser acumulables al concurso, los ejecutivos en que sólo se perseguían los bienes hipotecados y además por estar ya terminado dicho ejecutivo, á virtud de la sentencia de remate dictada en él en grado de apelación por la extinguida Audiencia Territorial de esta Isla, mandando seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados.

Que seguido en su consecuencia el procedimiento de apremio contra la hacienda "Bello Sitio" fué ésta sacada á pública subasta, y rematada en favor de la ejecutante Sra. Viuda de Veve, adjudicándosele en pago de su crédito por la suma de 10,939 pesos 34 centavos y otorgándosele por el Juez de Primera Instancia de Humacao Don Rómulo Villahermosa y por ante el notario público, Don Marcelino Estevanez, la correspondiente escritura de adjudicación, que fué inscrita en el registro de la propiedad á favor de dicha Sra. Viuda de Veve, poniéndosela en posesión de la hacienda rematada.

Que, no obstante, haber convenido el Juez de Primera Instancia de San Francisco en la improcedencia de la acumulación solicitada por el promovente del concurso, Don Vicente Balbás, volviendo después sobre sus pasos, requirió de nuevo al Juez de Humacao para la acumulación del ejecutivo de referencia y remitídole éste sin oposición por parte de la ejecutante Sra. viuda de Veve, por estar ya terminado el ejecutivo y ella en posesión de la hacienda subastada, el Juez de San Francisco por auto de 26 de diciembre de 1891, sin audiencia de dicha señora declaró nulas las actuaciones posteriores al 27 de agosto de 1891 en que había sido requerido por primera vez el Juez de Humacao para la acumulación del ejecutivo y en su consecuencia nulas y sin ningún valor las diligencias de subasta, la aprobación del remate, la liquidación de cargas, la escritura de adjudicación, la diligencia de

posesión y todos los asientos practicados en el registro de la propiedad sobre anotación del embargo é inscripción del dominio de la hacienda "Bello Sitio", á favor de la Sra. Viuda de Veve. Esta resolución del Juez de San Francisco no le fué notificada personalmente á dicha señora, sino en los estrados del tribunal.

Que librado mandamiento al Registrador de la Propiedad de Humacao para la práctica de las cancelaciones acordadas, las denegó el registrador entre otras razones, porque el único juzgado competente para decretar la cancelación de la anotación preventiva del embargo, lo era el de aquella ciudad y su distrito, con arreglo al artículo 84 de la Ley Hipotecaria; y en cuanto á la cancelación de la inscripción de dominio, por no estar declarada la nulidad del título, en cuya virtud se había hecho la inscripción, en ejecutoria declarada firme y dictada en juicio declarativo, en el cual hubiera sido parte Doña María Díaz, viuda de Veve, con arreglo á los artículos 79, 82, y 83 de la Ley Hipotecaria, sentencias del Tribunal Supremo de España de 7 de febrero de 1868 y 20 de marzo de 1873, y Resoluciones de la Dirección General de 13 de abril de 1874, 16 de febrero de 1883, 29 de noviembre de 1881 y 1°. de julio de 1886.

Que como consecuencia de sus últimas resoluciones, dispuso nuevamente el Juzgado de San Francisco la ocupación y depósito de la hacienda "Bello Sitio", y designó un depositario administrador de la misma, habiéndose llevado á efecto la ocupación, en cuya virtud la señora viuda de Veve había quedado desposeída de la hacienda, recayendo el nombramiento de depositario administrador de la misma, en un Don Tomás García, bajo una fianza de 2,000 pesos, que no había llegado á prestar nunca.

Que mientras todo lo referido tenía lugar en la pieza de administración del concurso, nada se había hecho en las demás piezas del mismo, pues ni se convocó á los acreedores ni se celebró junta alguna, ni se intentó el nombramiento de síndicos, ni se dió ningún paso que indicara que se trataba de

tramitar un concurso de acreedores; siendo de observarse que con posterioridad habían desaparecido la primera pieza, que era la reguladora del concurso, y las diligencias iniciales de la pieza de administración, así como la primera pieza de un juicio declarativo que siguió y perdió Avalo Sánchez sobre nulidad del juicio ejecutivo.

En este estado las cosas, el 6 de abril del año de 1900, Don Vicente Balbás y Capó, único acreedor promovente del concurso, presentó un escrito al extinguido Tribunal de Distrito de San Juan, desistiendo de continuar instando la tramitación del concurso y firmándolo también el concursado en prueba de conformidad con el desistimiento, á cuyo escrito recayó providencia de fecha 23 del mismo mes de abril, concebida en los términos siguientes: "Dada cuenta, ratifíquese y se proveerá"; y que habiéndose ratificado Don Vicente Balbás, en la propia fecha dictó el tribunal de distrito nueva resolución, por la cual se le tenía por desistido y apartado de la continuación del juicio de concurso á su perjuicio y con las costas, á Don Vicente Balbás, resolución que fué notificada á éste el día 10 del siguiente mes de mayo, desde cuya fecha no se dió un paso más en ninguna diligencia relativa á continuar el concurso.

Que en 4 de mayo de 1901, ó sea al año siguiente, el abogado Don José de Guzmán Benítez, á nombre de la Sra. Viuda de Veve, había presentado escrito al tribunal de distrito, alegando que habiendo desistido de la continuación del concurso, el Sr. Balbás que lo promovió, único acreedor conocido del concursado, y habiéndole sido admitido por el tribunal el desistimiento, no tenían ya razón de ser, ni la acumulación del juicio ejecutivo de la Sra. Viuda de Veve, ni la ocupación y depósito de la hacienda "Bello Sitio"; y en su consecuencia, que se dejasen sin efecto dicha acumulación, ocupación y nombramiento de depositario, y que se entregase la finca á su dueña la referida Sra. Viuda de Veve, á cuya solicitud proveyó el tribunal de conformidad en resolución de 15 de mayo de 1901, que firmó solamente el juez del tribunal, presidente

accidental del mismo Sr. R. F. Savage; y la hacienda ''Bello Sitio'' fué devuelta á la Sra. Viuda de Veve en 20 de mayo de 1901.

Que promovido incidente por el concursado para que se anulase la resolución de 15 de mayo, por haber sido firmada por uno sólo de los jueces del extinguido tribunal de distrito, la actual Corte de Distrito del Distrito Judicial de San Juan, previa audiencia de la Sra. Viuda de Veve, dictó una orden en 31 de mayo de 1905, anulando la citada resolución de 15 de mayo de 1901 y reponiendo las cosas al ser y estado en que se encontraban antes de esta fecha y señalando al concursado el término de diez días para contestar la solicitud á la Sra. Viuda de Veve, de 4 de mayo de 1901.

Que apelada esta resolución por la Sra. Viuda de Veve, y desestimada la apelación por no ser apelable dicha orden; y celebrada la vista para resolver al escrito de dicha Señora, de 4 de mayo de 1901, en 30 de marzo de 1906 proveyó la corte de distrito á dicha solicitud, mandando se cumpliera lo acordado por el Tribunal del. Distrito de San Juan en 23 de abril de 1900; que se ratifique Don José Avalo Sánchez en el escrito de desistimiento del Sr. Balbás, y que una vez que se ratifique el Sr. Avalo Sánchez en el expresado escrito, la corte resolvería el de 4 de mayo de 1901 de la Señora Viuda de Veve; y que mientras tanto se cumpla en todas sus partes la resolución de la corte de 31 de mayo. de 1905, y en su consecuencia, se ocupe de nuevo la hacienda ''Bello Sitio''; designándose un depositario que prestará fianza y que será elegido de los que propongan los interesados en el término de 10 días.

Que contra esta resolución había establecido apelación la Sra. Viuda de Veve en 4 del siguiente mes de abril, la que también le fué desestimada por este Tribunal Supremo á causa de no ser apelable la resolución interpelada de 30 de marzo de 1906.

Los fundamentos legales en que se apoya el abogado de la parte promovente para solicitar el *certiorari* son los siguientes:

1. Que la Corte de Distrito de San Juan, de oficio y sin autoridad ni jurisdicción, ha revisado y modificado el sentido y los efectos de una providencia firme ya, que había sido dictada por el extinguido Tribunal de Distrito de San Juan en 23 de abril de 1900, y que se había ejecutoriado y cumplido desde el mismo día, surtiendo desde entonces todos sus efectos legales ante el mismo Tribunal de Distrito..

2. Que la Corte de Distrito de San Juan se extralimita también en su jurisdicción en este asunto, porque estando terminado el juicio, con arreglo á los preceptos de la antigua Ley de Enjuiciamiento Civil, que regula la tramitación de los concursos necesarios de acreedores, la corte fundada en bases erróneas rehusa completar los procedimientos consiguientes á la terminación del concurso, reponiendo las cosas á su estado anterior y devolviendo los bienes ocupados en el concurso á su legítimo dueño.

3. Porque la Corte ordena procedimientos no ajustados á la ley, tendentes á privar al peticionario de un finca de su exclusivo dominio, inscrita á su nombre en el registro de la propiedad, sin que exista un juicio declarativo ni ordinario en el que se haya discutido el derecho de propiedad, ni dictado sentencia, privándole de ese derecho, con lo cual, no solo infringe los preceptos de la ley reguladora de los concursos, sino que también infringe el principio legal de que nadie puede ser privado de su propiedad sin ser oído y vencido en juicio, y

4. Porque la corte infringe los preceptos de la Ley de Enjuiciamiento Civil antigua que ·exige para que exista el concurso necesario:

1. Que existan uno ó más acreedores que lo promuevan, cuando aquí ya no existen acreedores promoventes.

2. Que exista un número de acreedores, cuyas acreencias constituyan el pasivo del concurso y aquí no consta que exista ningún acreedor ni siquiera obra en autos la relación de las deudas del concursado.

3. Que se ocupen y depositen los bienes del concursado y

aquí sólo se trata de ocupar una finca de la propiedad de María Díaz, viuda de Veve inscrita á su nombre en el registro de la propiedad, y

4. Que terminado el concurso se alcen las acumulaciones, depósitos de bienes y se restituyan éstos á quienes correspondan; y sin embargo, aquí sin promoción de parte legítima sin acreedores, sin concurso, en una palabra, se trata de practicar diligencias peculiares á la realización de un concurso necesario de acreedores con lesión del sagrado derecho de propiedad de tercera persona.

Por cuyos fundamentos y careciendo el peticionario de todo otro recurso ordinario para obtener el remedio legal en este caso, puesto que las dos apelaciones que había interpuesto le habían sido desestimadas por esta Corte Suprema, se acoje al remedio extraordinario que le concede el estatuto titulado "Ley para autorizar autos de *certiorari*"; aprobado por la Asamblea Legislativa de Puerto Rico en 10 de marzo de 1904 y según el cual el Tribunal Supremo de Puerto Rico está autorizado para expedir autos de *certiorari* á otro tribunal inferior por el que exija á éste la remisión á dicho Tribunal Supremo de los autos de una causa ya terminada, en aquellos casos en que, el procedimiento adoptado no esté de acuerdo con las prescripciones de la Ley y con objeto de completar los procedimientos cuando el tribunal inferior rehusare hacerlo, fundado en bases erróneas; y termina, suplicando al tribunal se sirva ordenar un auto de *certiorari* dirigido á la Corte de Distrito de San Juan para que remita á esta Superioridad en el estado en que se encuentren, las actuaciones del concurso necesario de acreedores de José Avalo Sánchez y los proceimientos cuando el tribunal inferior rehusare hala fecha en que dicho mandamiento sea expedido, y previa la vista del asunto, revocar y anular todas las resoluciones y procedimientos de la corte de distrito á partir del 30 de marzo de 1906, inclusa la orden de esta fecha, y en su lugar resolver de conformidad con la solicitud de María Díaz, viuda de Veve, de 4 de mayo de 1901 y, como consecuencia, que se alce la ocu-

pación y depósito de la hacienda "Bello Sitio" y que ésta sea y quede restituída al poder de sus legítimos dueños, los causahabientes y sucesores de dicha María Díaz, viuda de Veve.

Este escrito ha sido jurado por el abogado Sr. Guzmán Benítez por encontrarse ausentes de San Juan los interesados que componen la Sucesión de la Sra. Viuda de Veve.

Esta solicitud de *certiorari* ha sido impugnada por el abogado Don Henry F. Hord á nombre de Don José Avalo Sánchez, alegando entre otros fundamentos los siguientes:

1. Que los peticionarios no son partes en el concurso y por consiguiente carecen de personalidad para solicitar el *certiorari.*

2. Que estando aún en tramitación en la Corte de Distrito de San Juan el concurso de acreedores de Don José Avalo Sánchez no se pueden considerar terminados dichos procedimientos como alegan los peticionarios y lo exige la ley para que sea procedente el auto de *certiorari;* y

3. Porque bien se considere vigente el concurso, ó terminado, siempre les queda á los peticionarios el remedio del pleito ordinario para reivindicar su propiedad, caso de haber sido despojados de ella injustamente en el concurso.

Ahora bien, librado por esta Corte Suprema el mandamiento para que el Tribunal de Distrito de San Juan remitiera á esta Superioridad los autos del concurso y recibidos éstos, con excepción de la primera pieza sobre declaración del concurso y de otra pieza relativa á la administración que los peticionarios suponen haberse extraviado y de los autos del ejecutivo de la Sra. Viuda de Veve que parece fueron devueltos al Tribunal de Distrito de Humacao, se celebró la vista con asistencia de los abogados defensores de ambas partes y es ya llegado el momento de que por esta Corte Suprema se dicte la resolución que corresponda en el caso.

La Ley de la Asamblea Legislativa de esta Isla, autorizando los autos de *certiorari* aprobada en 10 de marzo de 1904, los define deciendo "que el auto de *certiorari* es un auto expedido por un Tribunal Superior á otro inferior por el cual se

exige del último la remisión al primero de una copia certificada de las diligencias pendientes en el tribunal inferior ó los autos de una causa ya terminada en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal inferior rehusare hacerlo, fundado en bases erróneas.''

De manera que, según esta definición de la ley el auto de *certiorari* es procedente no sólo cuando la causa ó los autos del pleito estén terminados, sino encontrándose pendientes siempre que los procedimientos seguidos por el tribunal inferior sean contrarios á la ley.

En el presente caso el concurso de Don José Avalo Sánchez no puede considerarse terminado, pues si bien el único acreedor que lo promovió desistió de su prosecución y el juez lo tuvo por desistido á su perjuicio y con las costas, no lo declaró expresamente terminado, puesto que no mandó cesar la intervención judicial, que ha continuado ni alzar la ocupación de los bienes del concursado resoluciones que eran consiguientes á la revocación del auto de declaración del concurso con arreglo al artículo 1165 de la antigua Ley de Enjuiciamiento Civil, que por analogía puede tener aplicación al caso presente; y si bien por el provisto de 15 de mayo de 1901, dictado por el Juez del extinguido Tribunal de Distrito de San Juan, Sr. Savage, pudiera decirse que se puso término al concurso, ese provisto fué objeto de un incidente de nulidad, promovido por el Sr. Avalo Sánchez, que sustanciado con audiencia de la Sra. Viuda de Veve, fué declarado con lugar por auto de la Corte de Distrito de San Juan, de 31 de mayo de 1905, anulando el provisto anterior de 15 de mayo de 1901, y reponiendo las actuaciones al estado que tenían al ser dictado el referido provisto, por haber sido acordado por uno sólo de los jueces que componían el Tribunal del Distrito de San Juan, cuando debió haberlo sido por los tres jueces que lo constituían atendida su naturaleza de auto definitivo; resolución que ha quedado firme, por haberse desestimado por esta Corte

Suprema la apelación que contra ella interpusiera la Sra. Viuda de Veve. Después, continuando el curso de los autos para resolver sobre el escrito de dicha señora de 4 de mayo de 1901, que dió lugar al auto anulado de 15 del mismo mes de mayo, ha recaído la providencia de 30 de marzo de 1906 por la que ha ordenado el Juez de la Corte de Distrito de San Juan Don Emilio del Toro, que luego que se cumpla lo acordado por el extinguido tribunal del mismo nombre en providencia de 23 de abril de 1900, y que se ratifique el Sr. Avalo Sánchez en el escrito de desistimiento del Sr. Balbás de 6 de abril del mismo año, se resolverá sobre la solicitud de la Sra. Viuda de Veve de 4 de mayo del año siguiente, y que mientras tanto se cumpla en todas sus partes la resolución de 31 de mayo de 1905 por la que se repusieron las actuaciones al estado que tenían cuando se dictó por el Juez Sr. Savage el provisto anulado de 15 de mayo de 1901 y en su consecuencia que se ocupe de nuevo en el concurso la hacienda ''Bello Sitio'' y se nombre un depositario que preste la correspondiente fianza etc.; resolución que fué apelada también por la Sra. Viuda de Veve y cuya apelación fué igualmente desestimada por esta Corte Suprema por no tener la resolución interpelada el carácter de sentencia definitiva.

Pero ya hemos visto que la circunstancia de no estar terminado el concurso no obstaría para que pudiera prosperar el *certiorari,* si los procedimientos seguidos por el tribunal inferior fueran realmente contrarios á la ley y cuando precisamente el objeto del presente recurso es terminarlos.

Que los procedimientos seguidos en este concurso son ilegales, no puede dudarse; pues, prescindiendo de las irregularidades que pudieran haberse cometido en la declaración del concurso, sobre cuyo particular nada podemos decir por no tener á la vista la primera pieza de los autos que es en la que deben obrar todos los antecedentes del caso, y que se dice haberse extraviado, es innegable que estas voluminosas actuaciones no tienen de concurso más que el nombre, y que no parecen haber tenido otro objeto, que el de entorpecer el cumpli-

miento de la sentencia de remate recaída en la ejecución seguida por la Sra. Viuda de Veve contra la hacienda "Bello Sitio" y la ocupación de esta finca en el concurso, como lo ha obtenido al fin el Sr. Avalo Sánchez, á virtud de la resolución del extinguido Juzgado de San Francisco de esta Capital de 26 de diciembre de 1893, por la que se declararon nulas y sin ningún valor todas las actuaciones practicadas por el Juez de Humacao en los referidos autos después de haber sido requerido por primera vez, por el de San Francisco, para la acumulación de dichos ejecutivos al concurso y nulas por consiguiente, la subasta y remate de la hacienda "Bello Sitio" en favor de la Sra. Viuda de Veve, así como la escritura de adjudicación y su inscripción en el registro de la propiedad á favor de dicha señora; todo sin forma de juicio y sin habérsele prestado la debida audiencia, viéndose de esta manera despojada de su propiedad sin ser oída y vencido en el juicio correspondiente como ordena la ley.

Mientras tanto, después de más de 15 años de haberse declarado en concurso necesario al Sr. Avalo Sánchez, ni consta quienes sean sus acreedores, ni si han sido ó nó convocados para la primera junta sobre nombramiento de Síndicos, ni se ha adelantado un paso más en el concurso, como no sea la acumulación de los ejecutivos de la Sra. Viuda de Veve y la ocupación de la hacienda "Bello Sitio," no obstante, haber sido adjudicada á dicha señora y de tener ésta inscrito su dominio en el registro de la propiedad

Estos procedimientos son contrarios á la ley, y no deben subsistir por más tiempo, máxime cuando habiendo desistido de su prosecución el único acreedor promovente del concurso Don Vicente Balbás desde el mes de abril del año 1900, desde cuya época se le tuvo por desistido de su continuación á su perjuicio y con las costas por provisto de 25 del mismo mes de abril, desde entonces debió haber cesado la intervención judicial y alzádose la ocupación y depósito de los bienes, como lo ordenaba el artículo 1167 de la antigua Ley de Enjuiciamiento Civil para el caso de revocarse el auto de declara-

ción del concurso que por analogía pudo y debió aplicarse en el presente caso.

Así lo solicitó la representación de la Sra. Viuda de Veve en su escrito de 4 de mayo del año siguiente, al que proveyó de conformidad el Juez Presidente accidental del extinguido Tribunal de Distrito de San Juan, Sr. Savage, por auto de 15 del mismo mes de mayo; pero declarado después nulo este provisto por auto del nuevo Tribunal de Distrito de 31 de mayo de 1905, se repusieron las actuaciones al estado que tenían al ser dictado dicho provisto de 15 de mayo y reservándose el tribunal proveer sobre la solicitud de la Sra. Viuda de Veve, para lo cual le confirió traslado de ella por término de diez días al concursado Don José Avalo Sánchez.

Evacuado por éste el traslado que se le confiriera y señalado día para resolver sobre la solicitud pendiente de dicha señora sobre terminación del concurso y alzamiento de la ocupación y depósito de dichos bienes, celebrada la vista, recayó la nueva providencia de 30 de marzo del año próximo pasado, por la que, en vez de resolver el tribunal de distrito sobre la solicitud pendiente de la Sra. Viuda de Veve, aplaza nuevamente su resolución, disponiendo se cumpla la providencia de 23 de abril de 1900, recaída al escrito de desistimiento del Sr. Balbás, suponiéndola incumplida y que luego que el Sr. Avalo Sánchez se ratifique en dicho escrito se proveerá sobre la solicitud de la Sra. Viuda de Veve de 4 de mayo de 1901; disponiéndose, además, se ocupe en el concurso la hacienda "Bello Sitio" en cumplimiento de la resolución de 31 de mayo de 1905 que mandó reponer las actuaciones al estado que tenían al ser dictado el provisto anulado de 15 de mayo de que hemos hecho referencia.

Esta resolución del Tribunal de Distrito de San Juan entendemos que debe ser revocada, porque, tergiversando el sentido y verdadero alcance de la providencia de 23 de abril de 1900, ordena se cumpla esta providencia que ya había sido cumplida y surtido sus debidos efectos é introduce una nueva dilación más en la terminación de este concurso.

La providencia de 23 de abril de 1900, cuyo cumplimiento se ordena hoy, recaída al escrito del Sr. Balbás desistiendo del concurso, ya hemos visto que se limitaba á decir ratifíquese y se proveerá y prueba que sólo se refería al Sr. Balbás, que ratificado éste en el contenido de su escrito en 23 de abril, en 25 del mismo mes dictó providencia el tribunal, teniéndolo por desistido de la prosecución del concurso á su perjuicio y con las costas, sin exigir la ratificación de Avalo Sánchez como lo hubiera hecho seguramente, si hubiera entendido que debía ratificarse también en el escrito del Sr. Balbás. Además, al evacuar Avalo Sánchez la vista que se le confiriera del escrito pendiente de la Sra. Viuda de Veve de 4 de mayo de 1901, no hizo la más mínima objeción sobre la falta de cumplimiento de la providencia que nos ocupa, como era natural si hubiera entendido que faltaba su ratificación en el escrito de referencia. Esto aparte de que no habiéndose opuesto Avalo Sánchez á la terminación del concurso, durante todo el tiempo transcurrido desde el año de 1900 en que firmó el escrito de desistimiento del Sr. Balbás en prueba de su conformidad, y antes al contrario, habiendo solicitado y obtenido del tribunal se librara exhorto al de Humacao para la cancelación por el registrador de la propiedad de aquel distrito del asiento que se tomó en los libros del registro de su incapacidad para administrar bienes, desde el momento en que fué declarado en concurso necesario de acreedores, por carecer ya de objeto dicha formalidad, demuestra todo esto bien claramente la conformidad del Sr. Avalo Sánchez en la terminación de este concurso y la ninguna necesidad que había de que se ratificara en el escrito de desistimiento el Sr. Balbás, como lo ordena la resolución que nos ocupa de 30 de marzo del año próximo pasado.

Esta resolución debe, pues, ser revocada; y proveyéndose al escrito de la Sra. Viuda de Veve de 4 de mayo de 1901 sobre alzamiento de la ocupación y depósito de los bienes, y devolución de la hacienda "Bello Sitio," toda vez que con el desistimiento del Sr. Balbás, único acreedor promovente del con-

curso, carece éste ya de objeto y debe cesar la intervención judicial, entendemos que también carece ya de objeto la acumulación al concurso de los ejecutivos seguidos en el Juzgado de Humacao por la Sra. Viuda de Veve contra el concursado Don José Avalo Sánchez, y que en su consecuencia, deben reponerse las actuaciones al estado que tenían cuando fué decretada la acumulación, devolviéndose los autos al tribunal de su origen, y alzándose la ocupación y depósito de los bienes, los que quedarán á la libre disposición del concursado Sr. Avalo Sánchez á no haber ningún otro motivo legal que lo impida, y con excepción de la hacienda "Bello Sitio," la que deberá quedar á la disposición de los herederos de dicha Sra. Viuda de Veve, con lo que quedará, desde luego, desvirtuado y sin efecto el auto del suprimido Juzgado de San Francisco de esta Capital de 26 de diciembre de 1893, por el que se declararon nulas todas las actuaciones para la venta en pública subasta de la hacienda "Bello Sitio," inclusa la escritura de adjudicación de dicha finca en favor de dicha Sra. Viuda de Veve y su inscripción en el registro de la propiedad; resolución que, como hemos dicho ya repetidas veces, fué dictada sin forma de juicio y con manifiesta infracción de las reglas más elemantales del procedimiento.

En cuanto á la personalidad de los herederos de la Sra. Viuda de Veve para interponer el presente recurso, no puede negárseles precisamente por habérseles obligado á comparecer en estos autos á defender sus derechos, como así lo ha declarado esta misma Corte Suprema al desestimar la apelación interpuesta contra la resolución de 30 de marzo del año próximo pasado, no porque carecieran de personalidad para interponerla, que expresamente se la reconoció esta corte, sino por no tener la resolución apelada el carácter de sentencia definitiva.

En cuanto á la otra objeción que también se alega por la representación del concursado, de no ser procedente el *certiorari* por tener los promoventes el recurso del juicio ordinario sobre reivindicación de la hacienda "Bello Sitio," en

el caso de estimar los peticionarios que hubieran sido despojados de ella injustamente, entendemos que no puede prosperar, porque, si bien es verdad, que á los herederos de la Viuda de Veve les quedaría siempre aquel recurso para la reparación de los agravios que pudieran haberles causado las resoluciones del tribunal, privándoles de la posesión y propiedad de la hacienda "Bello Sitio," no es un recurso adecuado para poner remedio á los daños causados á los peticionarios por las referidas resoluciones judiciales y, por consiguiente, no es obstáculo para que pueda prosperar. el presente *certiorari,* con arreglo á la jurisprudencia sentada por la Corte Suprema de California en el caso de *El Pueblo* contra *Furner,* 1°. Cal. Rep., p. 192, en el que se establece la doctrina de que "cuando se haya cometido algún error en los procedimientos de una causa civil ó criminal, y dicho error no pueda ser revisado, por virtud de un recurso por causa de error, (apelación) el procedimiento adecuado para corregir dicho error, es el *certiorari,* á no ser que los estatutos prescriban algún otro recurso que, según la doctrina sentada en el caso de *Noble* v. *Superior Court,* 109 Calif., 523, ha de ser claro, rápido y adecuado, circunstancias que no concurren en el pleito de reivindicación que podría resultar en extremo dilatado y poco adecuado para la resolución de las cuestiones que se ventilan en el presente *certiorari,* y que resultan ajenas completamente á un pleito ordinario de propiedad.

En mérito de las consideraciones expuestas, este tribunal es de parecer que debe declararse con lugar el presente recurso de *certiorari,* dejando sin efecto la resolución dictada por la Corte de Distrito del Distrito Judicial de San Juan de 30 de marzo del año próximo pasado; y proveyendo al escrito de Doña María Díaz, viuda de Veve, de 4 de mayo de 1901, declarar que, careciendo ya de objeto el presente concurso por haber desistido de su continuación el único acreedor que lo promoviera, Don Vicente Balbás y Capó, debe cesar la intervención judicial en dicho concurso, dejándose sin efecto la acumulación decretada á los autos del mismo, de los ejecutivos

seguidos en el extinguido Juzgado de Primera Instancia de Humacao por Doña María Díaz, viuda de Veve, contra Don José Avalo Sánchez, y cualquiera otra que pudiera encontrarse en el mismo caso, reponiéndose las actuaciones al estado que tenían cuando fué decretada dicha acumulación, devolviéndose los autos al tribunal de su origen y alzándose la ocupación y depósito de los bienes que quedarán á la libre disposición de Don José Avalo Sánchez á no existir ningún otro motivo que lo impida, con excepción de la hacienda "Bello Sitio" que quedará á la disposición de los herederos de Da. María Díaz, viuda de Veve, y disponiéndose se devuelvan al Tribunal de Distrito de San Juan los autos del concurso para su archivo en la secretaría del tribunal sin especial condenación de costas.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández, MacLeary y Wolf.

El Juez Asociado Sr. Figueras no intervino en la resolución de este caso.